IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01228-CMA-KLM

PRECISION FITNESS EQUIPMENT, INC.,

    Plaintiff,

v.

NAUTILUS, INC.,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Protective Order and/or to Stay/Abate this Action** [Docket No. 54; Filed January 23, 2009] (the "Motion"). The Court has reviewed the Motion, Defendant's Response [Docket No. 60; Filed February 2, 2009], Plaintiff's Reply [Docket No. 61; Filed February 5, 2009], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

    Plaintiff requests that the above-captioned case be stayed for the period of ninety (90) days, and that all scheduled depositions and pending discovery be cancelled. *Motion* [#54] at 4. As grounds, Plaintiff argues that its counsel, Samantha Tesser Haimo, is in the end stages of a high-risk pregnancy, and is unable to defend depositions or generally prosecute the case as needed. *Id.* at 2. Plaintiff further argues that its primary corporate representative, Richard Wasserlauf, was diagnosed with cancer in late 2008, and therefore,

1

has been unavailable to fully participate in the case. *Id.* at 3. Finally, Plaintiff argues that although replacement counsel, Jeffrey Backman, has been located, he is currently scheduled for several arbitrations during the month of February, and that preparation for these arbitrations will preclude him from immediately being able to fully prosecute the case, and from responding to the pending discovery and motions. *Reply* [#61] at 3. Defendant responds that the discovery deadline has already been extended, and should not be extended any further. *Response* [#60] at 2. Defendant further argues that Plaintiff has failed to establish good cause for a stay, and that there should be other attorneys in Ms. Haimo's office available to prosecute this action. *Id.* at 3. Finally, Defendant argues that "[s]hould this Court grant Precision's Motion to Stay, Nautilus will be further prejudiced by its inability to discover the facts and circumstances relating to Precision's alleged cessation of business." *Id.* at 5.

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the court. *See Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Pursuant to Federal Rule of Civil Procedure 26(c), such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The following five factors guide the Court's determination of whether to grant a stay: (1) the opposing party's interests in proceeding expeditiously with the civil action and the potential prejudice of a delay; (2) the burden on the party proposing the stay; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2005) (unpublished decision); *see also Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87

F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing these factors, the Court concludes that granting a temporary, three-month stay is appropriate here. In considering the potential prejudice of a temporary stay to Defendant, the Court finds that Defendant has alleged nothing more than garden-variety prejudice which may arise when a case is stayed for the period of three months, and that it will be generally prejudiced by its inability to conduct discovery. *Response* [#60] at 5. However, the Court does not find that the potential prejudice to Defendant outweighs the actual burden on Plaintiff if it were forced to prosecute this case without its chosen counsel and its primary corporate representative. That is, considering that Plaintiff's counsel has stated that she is unavailable to prosecute this case due to medical complications, that the only other lawyers from her firm with sufficient expertise and knowledge of the case are also unavailable due to other court obligations, and that Plaintiff's primary corporate representative also has medical complications that require a stay, the Court finds that Plaintiff has provided good cause to stay the case for the period of three months. *See Motion* [#54] at 2-4, *Reply* [#61] at 3-6. Further, because Plaintiff's counsel is an attorney and an officer of the Court, the Court is entitled to rely on the veracity of her statements. *Selsor v. Kaiser*, 81 F.3d 1492, 1501 (10th Cir. 1996). Finally, neither party has argued that the remaining three factors, or the Court's convenience, the interests of non-parties and the public's interest, weigh against granting a stay in this case, and the Court does not find that they are applicable here. *See String Cheese Incident, LLC*, 2006 WL 894955, at *2.

Accordingly, IT IS HEREBY **ORDERED** that **Plaintiff's Motion for Protective Order and/or to Stay/Abate this Action** [Docket No. 54; Filed January 23, 2009] is **GRANTED**.

The above-captioned case is stayed for the period of **ninety (90) days**. Plaintiff is warned that no further stays will be granted under any circumstances, and Plaintiff must therefore take all reasonable steps to ensure that counsel are ready and able to prosecute this case upon completion of the stay.

IT IS FURTHER **ORDERED** that **Defendant's Motion to Compel Discovery Responses** [Docket No. 42; Filed December 19, 2008] and **Defendant's Motion to Amend Answer and Scheduling Order** [Docket No. 47; Filed January 6, 2009] are **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that the Settlement Conference currently set for March 3, 2009 and the Final Pretrial Conference currently set for April 8, 2009 are **VACATED**, and will be reset upon expiration of the stay.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: February 10, 2009