**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-01228-CMA-KLM

PRECISION FITNESS EQUIPMENT, INC.,

      Plaintiff,

v.

NAUTILUS, INC.,

      Defendant.

---

## ORDER REGARDING PRELIMINARY INJUNCTION

---

      This matter is before the Court on Plaintiff's Motion for Relief from Order Regarding Preliminary Injunction.  (Doc. # 57.)  For the following reasons, the Motion is DENIED.

## <u>BACKGROUND</u>

      This is a dealership dispute.  Plaintiff, a fitness equipment dealer, alleges that Defendant, a fitness equipment manufacturer, breached oral and written contracts.  The case began in Florida state court, but Defendant removed on the basis of diversity jurisdiction.  Defendant then moved to dismiss or, alternatively, transfer the case to Colorado on the basis of a forum selection clause contained in a dealership contract between the parties.  The federal court in Florida declined to dismiss, but agreed to transfer the case to this Court.  Once the case arrived in this Court, Defendant

answered and filed counterclaims against Plaintiff.  Plaintiff filed its response to the

counterclaims and the parties moved forward to scheduling and discovery.

On November 4, 2008, Defendant filed a Motion for Preliminary Injunction

("Motion for Preliminary Injunction").  (Doc. # 29.)  Defendant sought to enjoin Plaintiff

from infringing on its trademarks by selling Defendant's products without authorization.

Defendant did not provide a proposed order with the Motion for Preliminary Injunction.

Instead of responding to the Motion for Preliminary Injunction, Plaintiff filed four motions

for extension of time to respond.  (Doc. ## 32, 35, 37 and 44.)  Plaintiff sought the

extensions of time to allow the parties to work on a stipulated injunction or settlement of

the case.  Defendant did not oppose the motions for extension, and the Court granted

each motion, eventually allowing Plaintiff until January 6, 2009, to respond to the Motion

for Preliminary Injunction.  (Doc. # 46.)

January 6, 2009, came and went, and Plaintiff did not file a response brief or

another motion for extension.  Thus, after conferring via e-mail on January 9, 2009,

Defendant filed a Motion for Entry of Order Regarding Motion for Preliminary Injunction

("Motion for Entry of Order") on January 12, 2009.  (Doc. # 50.)  In the Motion for Entry

of Order, Defendant referenced the Motion for Preliminary Injunction and also included

a proposed preliminary injunction order.  The proposed order enjoined Plaintiff, "its

officers, agents, representatives, servants, employees, successors and assigns, and all

others in active concert or participation with" Plaintiff from infringing on Defendant's

protected trade- and service-marks for the duration of the litigation.  (Doc. # 50, Ex. 1.)

On January 22, 2009, the Court granted the Motion for Preliminary Injunction, adopting the proposed order submitted by Defendant with the Motion for Entry of Order ("Preliminary Injunction Order").  (Doc. # 52.)

Plaintiff now moves to set aside the Preliminary Injunction Order under Rule 60(b).

## STANDARD OF REVIEW

Federal Rule 60(b)(1) allows a court to relieve a party or its legal representative from an order on the basis of, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  Under Rule 60(b), courts have discretion to grant relief as justice desires, "yet such relief is extraordinary and may only be granted in exceptional circumstances."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations and citations omitted).  However, the preference is to hear matters on their merits and, when deciding a Rule 60(b) motion, courts should generally resolve all factual doubts in favor of the party seeking relief.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1445 (10th Cir. 1983).

Attorney carelessness does not mandate relief under Rule 60(b).  *See id.*; *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).  For example, the "mistake" provision in Rule 60(b)(1) applies only where the mistake is "excusable."  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).  Thus, courts should not grant relief under Rule 60(b)(1) when the mistake complained of is a result of litigation tactics or a deliberate and counseled decision by the party.  *Id.*  Likewise, the

3

plain language of the "excusable neglect" provision suggests an element of

faultlessness, *i.e.*, excusable-ness, on behalf of the moving party.  *See City of Chanute

v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) ("Fault in the delay

remains a very important factor – perhaps the most important single factor – in

determining whether neglect is excusable.").

## DISCUSSION

Under this standard of review, the Court concludes that Plaintiff's various

arguments do not warrant relief from the Preliminary Injunction Order.

## I.   MISTAKE

First, Plaintiff contends that it failed to respond to the Motion for Preliminary

Injunction because "Plaintiff's counsel was hopeful" that a settlement or dismissal would

resolve the issue before the Court entered an order.  Thus, Plaintiff argues that this

Court entered the Preliminary Injunction Order as a result of an excusable litigation

mistake by Plaintiff's counsel.

However, the Court finds that any mistake by Plaintiff or its counsel was not

excusable, but resulted instead from careless or incautious lawyering.  Plaintiff's hope

that this matter would settle does not explain why, when it failed to settle by January 6,

2009, Plaintiff did not either respond to the Motion for Preliminary Injunction, or file

another motion for extension of time.  Neither a response nor another extension would

have jeopardized the settlement talks and Plaintiff's failure to pursue either of those

options leaves the Court with the impression that Plaintiff's failure to respond boils down

4

to carelessness or a litigation decision not to respond.  As described below, Plaintiff's arguments to the contrary prove unavailing.

Plaintiff analogizes the situation in this case to the situation in *Thomson v. Kerr-McGee Refining Corp.*, 660 F.2d 1380, 1384-85 (10th Cir. 1981).  In *Thomson*, the plaintiff's counsel withdrew his representation and the district court gave the plaintiff twenty days to procure new counsel.  *Id.* at 1384.  Twenty-four days passed and the defendant moved to dismiss for failure to prosecute.  *Id.*  The district court held an *ex parte* hearing and granted the defendant's motion to dismiss.  *Id.*  Over a month later, the plaintiff filed a motion to vacate the dismissal under Rule 60, arguing that he had taken his case file to the office of a new attorney who told the plaintiff that he was hopeful of negotiating a settlement with the defendant.  If the parties reached a settlement, the lawyer told the plaintiff that it would be unnecessary for the plaintiff to retain new counsel of record.  *Id.* at 1385.  After settlement negotiations broke down, the lawyer informed the plaintiff that he could not represent him because of prior commitments.  *Id.*  The district court granted the plaintiff's motion to vacate.  *Id.*

On appeal, the defendant argued that the plaintiff's motion should have been file under Rule 59.  That rule would have required the plaintiff to move to set aside the dismissal within ten days of the court's order; a deadline the plaintiff had missed. Alternatively, the defendant argued that a Rule 60(b) motion must be filed within a reasonable time, which the defendant put at thirty days, and that the plaintiff waited too long before filing his motion to vacate.  *Id.*  The Tenth Circuit Court of Appeals

disagreed with the defendant, and found that the plaintiff had acted timely in filing his Rule 60(b) motion under the circumstances. *Id.* Notably, the Tenth Circuit Court of Appeals stated, "Whether we would consider [the plaintiff's reliance on the attorney's dubious advice] as excusable neglect is not the issue on appeal." *Id.*

This statement from the court is critical because it reflects that *Thompson* does not actually stand for the proposition that Plaintiff cites it for.  In other words, *Thomson* does not hold that a party's hope for settlement excuses a failure to comply with a court deadline and constitutes the basis for a successful Rule 60(b) motion.  Instead, *Thompson* answered a question that is not asked in this case, must a party file a Rule 60(b) motion with thirty days?[1]  Thus, the Court finds *Thomson* inapposite to the legal question presented in this case.

Plaintiff's additional arguments regarding mistake also prove unpersuasive. Since Plaintiff filed the fourth Motion for Extension of Time and selected the date of the extension, Plaintiff knew that its response to the Motion for Preliminary Injunction was due on or before January 6, 2009.  Plaintiff's counsel also knew how to extend the response deadline to accommodate further settlement negotiations if necessary – Plaintiff did so four times.  Further, notwithstanding the fact that Plaintiff's response brief was due January 6, 2009, the Court waited until January 22, 2009, to grant the Motion

---

[1]  The Court finds other facts that distinguish *Thomson* from this case, *e.g.*, the court in *Thomson* set a deadline for a *pro se* party and then allowed him only four days after he had missed the Court's deadline before dismissing his case.  In contrast, in this case, the date selected for the response deadline was selected by Plaintiff, not the Court and the Court allowed Plaintiff over two weeks past the deadline to respond to the Motion for Preliminary Injunction.

for Preliminary Injunction.  Thus, Plaintiff had an additional two weeks after it should have responded to the Motion for Preliminary Injunction before the Court took action. The threat of trademark infringement raised by Defendant also meant that the Court could not sit idly by for much longer while Plaintiff "hoped" the case would go away without putting Defendant at risk.

Plaintiff tries, but cannot lay the blame for its failure to respond to the Motion for Preliminary Injunction at Defendant's feet.  Under D.C.COLO.LCivR 7.1, Defendant's counsel notified Plaintiff's counsel on January 9, 2009, that Defendant intended to file a new motion seeking entry of the proposed preliminary injunction order.  Defendant's conferral regarding the Motion for Entry of Order should have served as reminder to Plaintiff to file a response to the Motion for Preliminary Injunction, but Plaintiff did not take the hint.  Thus, Plaintiff cannot complain now that Defendant somehow sprung the Preliminary Injunction Order on it without giving Plaintiff the opportunity to respond because Plaintiff had ample time, over two months, and multiple opportunities to respond.

Plaintiff also argues that the Court entered the Preliminary Injunction Order without giving Plaintiff an opportunity to respond to the Motion for Entry of Order, and that not allowing Plaintiff to respond excuses Plaintiff's mistake.  Plaintiff's position is mistaken.  Although the Motion for Entry of Order related to the Motion for Preliminary Injunction, the Motion for Entry of Order was a new motion that did not toll, continue, renew, or otherwise extend Plaintiff's deadline to respond to the original motion.

The fact that the Plaintiff did not have the usual amount of time to respond to the Motion for Entry Order does not change the fact that Plaintiff had already missed its deadline to respond to the Motion for Preliminary Injunction.  In any event, the Court need not have waited for Plaintiff's response to the Motion for Entry of Order since this Court can act on a motion at any time after it is filed.  *See* D.C.COLO.LCivR 7.1C.

Given Plaintiff's conduct, including the motions for extension and the communications with Defendant, the ample amount of time Plaintiff had to respond to the Motion for Preliminary Injunction, and the threat of irreparable trademark infringement, the Court concludes that Plaintiff's counsel's "hope" that the need to respond to the Motion for Preliminary Injunction would go away did not excuse the mistake of failing to respond to the Motion for Preliminary Injunction.  The decision was either a conscious litigation choice to keep negotiating without filing a response, or an inexcusable dereliction of duties that counsel knew existed and had previously complied with.

## II.   EXCUSABLE NEGLECT

Next, Plaintiff argues that its failure to file a response to the Motion for Preliminary Injunction was excusable neglect.  It again argues that it overlooked filing a response to the Motion for Preliminary Injunction because the parties were negotiating a stipulated injunction.

However, the Court disagrees with Plaintiff that settlement negotiations in this case excuse its neglect.  First, even if the parties agree to continue a response date to permit settlement talks, negotiations do not automatically toll the obligation to comply

8

with this Court's deadlines and orders.  *See* D.C.COLO.LCivR 6.1F.1 ("no agreement of

the parties to shorten or extend any time limitation provided by the Federal Rules of

Civil Procedure or these rules will be recognized or enforced, nor will such an

agreement be considered just cause for failing to perform within the time limits

established by those rules").  Only a motion for extension of time or a motion to stay

proceedings would have continued the response deadline, as Plaintiff obviously

recognized when it filed four motions for extension.  Although settlement is a goal this

Court encourages, the mere fact that the parties are negotiating does not stop litigation

from continuing on its normal schedule unless one of the parties asks to stop or

continue the proceedings.

Second, for the reasons described above in the section on mistake, the Court

concludes that Plaintiff bears the blame for failing to file a response to Defendant's

Motion for Preliminary Injunction.

Thus, the Court concludes that Plaintiff's neglect in failing to file a response to

the Motion for Preliminary Injunction was not excusable.[2]

## III.   FRAUD

Although Plaintiff does not explicitly argue this point, Plaintiff contends that the

Court entered the Preliminary Injunction Order on the basis of misrepresentations by

Defendant in the Motion for Entry of Order.

---

[2]   The Court need not address the *Jennings* factors because it concludes that Plaintiff
has not presented enough evidence to get to the stage where analysis of those factors would be
helpful or necessary.

9

However, the Court does not find that Defendant misrepresented the underlying facts of this case.  For example, Plaintiff does not deny that the parties could not agree on a stipulated injunction on or before January 6, 2009.  Indeed, Plaintiff admits that Plaintiff's counsel told Defendant's counsel on January 5, 2009, that Plaintiff objected to the most recent version of the draft stipulated injunction.  Further, Defendant did not submit a proposed order with the Motion for Preliminary Injunction and did not make any new substantive allegations or requests in the Motion for Entry of Order.  Thus, the Court questions how Plaintiff can argue that the proposed order attached to the Motion for Entry of Order was somehow more broad or different from the relief sought in the Motion for Preliminary Injunction.

Moreover, contrary to Plaintiff's argument, Defendant had no duty to inform the Court of the precise status of negotiations between the parties.  Indeed, litigation tactics suggest otherwise:  Why would Defendant give up the settlement leverage created by the pending Motion for Preliminary Injunction by backing off of its position or presenting the Court with a proposed order that included Plaintiff's desired language?

In short, the factual representations in Defendant's Motion for Entry of Order were substantially correct.[3]

---

[3]  The Court should also point out that it did not enter the Preliminary Injunction Order on the basis of the representations in the Motion to Enter Order.  Rather, the Court acted on the basis of the evidence presented in the Motion for Preliminary Injunction, *e.g.*, photographs and affidavits.  The Motion for Entry of Order merely provided the Court with a proposed preliminary injunction order.

IV.     **OVERBREADTH AND VAGUENESS**

The Court has also considered Plaintiff's argument that the Preliminary Injunction Order is overbroad and vague.  Plaintiff contends that by enjoining Plaintiff's "officers, agents, representatives, servants, employees, successors and assigns, and all others in active concert or participation with" Plaintiff, the Preliminary Injunction Order goes beyond the relief requested in Defendant's Motion for Preliminary Injunction.  Plaintiff further contends that the Preliminary Injunction Order is vague because it could apply to preclude individuals associated with Plaintiff from selling used equipment bearing Defendant's trademark at locations unrelated to Plaintiff's business.

However, on both of these points, Plaintiff is wrong again.  As Defendant points out, a corporation can only act through its people.  By enjoining officers, agents, representatives, servants, employees, successors and assigns, and all others in active concert or participation with Plaintiff, the Preliminary Injunction Order does not restrain the individuals who happen to be officers, agents, servants, etc. if those individuals are not acting in a capacity related to Plaintiff's organization.  By way of example, if Mr. Jones used to work for Plaintiff as a corporate secretary, but now works for Jim's Fitness as vice president, he would not be subject to the Preliminary Injunction Order in his position at Jim's Fitness because he would no longer be acting as Plaintiff's secretary.  Thus, strained interpretations and wildly unusual circumstances notwithstanding, the Preliminary Injunction Order will not restrain individuals acting outside of their roles for Plaintiff.

11

The Preliminary Injunction Order also does not prohibit the sale of used equipment.  Under the first sale doctrine, the sale of such equipment will generally not be considered a violation of trademark law.  *See Belltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1071 (10th Cir. 2009) ("Those who resell genuine trademarked products are generally not liable for trademark infringement."). Additionally, the Preliminary Injunction Order only remains in effect for the duration of this litigation, not forever, as Plaintiff contends in section III of the Motion for Relief.

Thus, the Preliminary Injunction Order is not overbroad or vague and will not be set aside under Rule 60(b) on those grounds.

## CONCLUSION

For the reasons described above, the Court concludes that the fault for Plaintiff's failure to file a response to Defendant's Motion for Preliminary Injunction lies solely with Plaintiff's own litigation tactics or carelessness.  As such, the mistake or neglect is not excusable and does not merit setting aside the Preliminary Injunction Order.  Likewise, Plaintiff's additional arguments do not merit relief under Rule 60(b).

Accordingly, the Motion for Relief (Doc. # 57) is DENIED.

DATED:  July   20  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

12