IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01228-CMA-KLM

PRECISION FITNESS EQUIPMENT, INC.,

　　　Plaintiff,

v.

NAUTILUS, INC.,

　　　Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Amend Answer and Scheduling Order** [Docket No. 69; Filed May 27, 2009] (the "Motion").  The Court has reviewed the Motion, Plaintiff's Response in Opposition to Defendant's Motion to Amend Answer and Scheduling Order [Docket No. 78; Filed June 26, 2009], Defendant's Reply in Support of Motion to Amend Answer and Scheduling Order, the case file and relevant law, and is sufficiently advised in the premises.  As set forth below, the Motion is **GRANTED**.

### I. Background

This is a breach of contract action.  Plaintiff, a fitness equipment dealer, alleges that Defendant, a fitness equipment manufacturer, breached their Dealer Agreement.   The case was filed in Florida state court.  Defendant removed the case to the United States District Court for the Southern District of Florida based on diversity of jurisdiction.  Defendant then moved to dismiss or, alternatively, transfer the case to Colorado on the

basis of a forum selection clause contained in the dealership contract between the parties. [#1-3].  The federal court in Florida denied Defendant's motion to dismiss, but transferred venue of the case to this Court.  Defendant answered and filed five counterclaims against Plaintiff. [#11].  Defendant now seeks to file an Amended Answer asserting a counterclaim and third-party claim against Precision Fitness, Richard Wasserlauf ("Wasserlauf") and Commercial Fitness Products, Inc. and its related entities in Georgia, Kentucky and Puerto Rico ("Commercial Fitness") under the Florida Uniform Fraudulent Transfer Act and a claim for a declaratory judgment relating to assertions that Commercial Fitness and Wasserlauf, as an owner and manager of Precision Fitness, are liable under the doctrines of alter ego, piercing the corporate veil and successor liability.  *Motion* [#69] at 5.  Defendant alleges that during discovery it was revealed that Plaintiff had transferred its assets and business operations to Commercial Fitness.  *Id.*

## II.  Discussion

Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings.  Leave to amend is discretionary with the court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998).  Amendment under the rule has been freely granted.  *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted).  "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman*, 371 U.S. at 182.  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff argues that the proposed Amended Answer is futile because (1) the Court lacks personal jurisdiction over Wasserlauf and Commercial Fitness; and (2) Defendant's proposed counterclaims against Wasserlauf and Commercial Fitness fail to state claims for relief. *Response* [#78] at 2, 4. The Court may deny a proposed amendment as futile. *See Frank*, 3 F.3d at 1365 (citing *Foman*, 371 U.S. at 182). An amendment is futile if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether [a] proposed amended [pleading] is likely to survive a motion to dismiss, the court must construe the [pleading] in the light most favorable to [movant], and the allegations in the [pleading] must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Further, "[a]ny ambiguities must be resolved in favor of [defendant], giving [it] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [its pleading]." *Id.*

A party may exercise personal jurisdiction over another party in three ways: "consent by the parties, presence in the forum state, and actions by the [party] which effect people in the forum state." *Qwest Communications Int'l v. Thomas*, 52 F.Supp.2d 1200, 1204 (D. Colo. 1999). Personal jurisdiction can be waived through consent. *See Ins. Corp. of Ireland, Ltd. v. Compaigne des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). Parties may agree in advance to waive personal jurisdiction in a particular forum through a forum selection clause. *See Nat'l Equip. Rental, Ltd. v. Szuhent*, 375 U.S. 3133, 316 (1963). When parties consent to personal jurisdiction in a certain forum, the Court need not make an analysis of the forum's long-arm statutes or the parties' minimum contacts with the forum. *Leasing, Inc. v. Reservation Ctr.*, *Inc.*, N0. 08-cv-02295-LTB, 2008 WL 5411478,

3

at *1 (D. Colo. Dec. 29, 2008); *QFA Royalties, LLC v. Case*, No. 05-cv-00685-WYD-CBS, 2006 WL 894882, at *3 (D. Colo. Mar. 31, 2006).

The parties' contract has a forum selection clause that provides that "[t]his Agreement shall be governed by the laws of the State of Colorado.  Any controversies or claims arising out of this Agreement shall be subject to the exclusive jurisdiction of the state or federal courts for Boulder County, Colorado." [#1-20].  In a diversity action, whether a forum selection clause is enforceable is matter of the law of the forum state. *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 428 (10th Cir. 2006). Under Colorado law, a forum selection clause is enforceable unless it is unfair or unreasonable.  *Adams Reload Co. v. Int'l Profit Assoc., Inc.*, 143 P.3d 1056, 1060 (Colo. App. 2005).  The burden of establishing the invalidity of a forum selection clause is on the party trying to avoid its effect.  *Id.*  A forum selection clause is *prima facie* valid and a party contesting it bears a heavy burden of proof. *Riley v. Kingsley*, 969 F.2d 953, 957 (10th Cir. 1972); *Edge Telecom, Inc. v. Sterling Bank*, 143 P.3d 1155, 1160 (Colo. App. 2006).

Plaintiff does not contest the validity of the forum selection clause, but denies its applicability to Wasserlauf and Commercial Fitness.  Plaintiff asserts that the only parties who executed the Dealer Agreement, which contains the forum selection clause, are Plaintiff Precision Fitness Equipment and Defendant Nautilus.  *Response* [#78] at 5. Since Wasserlauf and Commercial Fitness were not parties to the contract, Plaintiff argues that the forum selection clause is inapplicable and provides no basis for personal jurisdiction over them in this Court.  *Id.* at 5, 6.

Defendant contends that the Court may exercise personal jurisdiction over the third parties because Nautilus has alleged sufficient facts claiming that Wasserlauf is the alter

ego of Plaintiff Precision Fitness and Commercial Fitness is its successor. *Reply* [#83] at 2. "[F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court." *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 653 (5th Cir. 2002); *see also Williams v. Bowman Livestock Equipment Co.*, 927 F.2d 1128, 1132 (10th Cir. 1991) (corporation's contacts with forum may be imputed to its successor for personal jurisdiction purposes). Moreover, courts have "uniformly found that it is consistent with due process  to impute a corporation's waiver of personal jurisdiction to its successor (or its individual  alter ego ) ...." *Patin*, 294 F.3d at 654.

Having reviewed the authority provided by the parties and the allegations in Defendant's proposed amended answer, the Court believes further information is necessary before a definitive ruling on personal jurisdiction in Colorado can be made. Although Plaintiff argues that the amendment would be futile because the Court allegedly lacks personal jurisdiction over Wasserlauf and Commercial Fitness, the Court finds that such a determination is more properly made upon a disposition of the merits of the claims. That is, based on the evidence currently presented, the Court is not persuaded that the addition of these defendants and claims is wholly "futile."  Defendant has presented sufficient information regarding Wasserlauf and Commercial Fitness' connection with Colorado, as well as the forum selection clause in the parties' agreement, to support its contention that this Court has personal jurisdiction over them.  Considering that leave to amend should be freely granted, the Court finds that allowing amendment is, at this stage

5

of the proceedings, in the interests of justice.

Therefore, the Court will allow Defendant to amend its Answer [# 11] to add the sixth counterclaim for relief against Precision Fitness, the third-party claim against Wasserlauf and Commercial Fitness for alleged violations of the Florida Uniform Fraudulent Transfer Act,[1] the seventh counterclaim against Precision Fitness and third-party claim against Wasserlauf and Commercial Fitness seeking a declaratory judgment pursuant to 28 U.S.C. § 2201, and will leave the question of personal jurisdiction to be decided on a fully briefed motion to dismiss.[2]  *See Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (finding that a motion to amend to add individual defendants should be granted even in light of its "doubts" concerning personal jurisdiction); *Speedsportz, LLC v. Menzel Motor Sports, Inc.*, 2008 WL 4632726, at *2 (N.D. Okla. Oct. 17, 2008) (unpublished decision) (finding that the question of personal jurisdiction is more properly decided in the context of a motion to dismiss, and granting the motion to amend); *Phillips v. Coes*, 2007 WL 4269027, at *2 (D. Colo. Nov. 29, 2007) (unpublished decision) (finding that the plaintiff should be permitted to amend her complaint even though the defendants asserted that the court lacked personal jurisdiction over certain of the defendants).  Accordingly,

IT IS **ORDERED** that the Motion is **GRANTED**.

IT IS FURTHER **ORDERED** that the Court accepts Defendant's Amended Answer, Counterclaims and Third-Party Claims [Docket No. 69-2] for filing as of the date of this Order.

---

[1] Plaintiff does not challenge the assertion of the claim under the Florida Uniform Fraudulent Transfer Act by amendment of the Answer.

[2] The Court expresses no opinion on the merits of such a motion.

IT IS FURTHER **ORDERED** that Plaintiff's Amended Motion for Protective Order and/or Motion for Extension of Time [Docket No. 88] is **DENIED as moot**.  Plaintiff shall respond to Defendant's outstanding discovery requests within thirty (30) days of this Order.


BY THE COURT:

__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated:  August 25, 2009