IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-01228-CMA-KLM

PRECISION FITNESS EQUIPMENT, INC.,

    Plaintiff,

v.

NAUTILUS, INC.,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This is a breach of contract action. This matter is before the Court on Defendant's Motion to Dismiss and Award Costs and Attorney Fees pursuant to Fed. R. Civ. P. 37 (Doc. # 97). For the reasons stated below, Defendant's Motion is DENIED.

### I. BACKGROUND

On September 12, 2007, Plaintiff Precision Fitness Equipment, Inc. ("Precision") initiated this lawsuit in state court in Broward County, Florida, asserting claims for breach of contract against Defendant Nautilus, Inc. ("Nautilus"). Nautilus removed the action to the United States District Court, Southern District of Florida, on November 20, 2007. (Doc. # 121 at 1.)

On December 17, 2007, Nautilus filed a motion to transfer venue to this Court based on the forum-selection clause contained in the parties' agreement. In June 2008, this action was transferred to this Court. Nautilus answered the complaint and asserted

several counterclaims against Precision, including breach of contract and trademark infringement. (*Id.* at 1-2.)

An initial Scheduling Order was entered on August 18, 2008. On September 24, 2008, Nautilus served Precision with Discovery Requests. On October 27, 2008, Precision provided its Responses to the Discovery Requests. On November 3, 2008, counsel for Nautilus sent a letter to Precision's counsel advising Precision that it believed that the Responses to the interrogatories were inadequate, incomplete, and evasive. Counsel for Nautilus also requested a date and time that the parties' counsel could meet and confer about the same. No meeting occurred. (Doc. # 122; Doc. # 42-1; Doc. # 42-2; Doc. # 42-3.)

On November 5, 2008, the initial Scheduling Order was amended. On December 19, 2008, Nautilus filed a Motion to Compel Discovery Responses. Around this time period Mr. Richard Wasserlauf, Plaintiff's President and corporate representative, was diagnosed with cancer. Also at this time, Plaintiff's counsel was in her third trimester of pregnancy and was enduring a "high risk" pregnancy which required her to be under the care of several physicians and undergo blood transfusions. Based on the foregoing, Plaintiff filed a Motion for Protective Order and/or to Stay/Abate this action on January 23, 2009, and requested the entire proceeding, including discovery, be stayed. This Court granted Plaintiff's Motion to Stay on February 20, 2009. (Doc. # 37; Doc. # 42; Doc. # 122 at 2; Doc. # 54, ¶¶ 4, 6; Doc. # 63.)

On June 4, 2009, a Discovery Conference was held to discuss Defendant's Motion to Compel Discovery Responses. The Court ordered Precision to:

> [M]ore fully respond to Interrogatory Nos. 4, 5, 6, 7, 8, 10, 11, 13 and 17 on or before June 24, 2009 [and]
>
> With respect to Interrogatory No. 12, Plaintiff shall provide a detailed calculation of damages or withdraw the claim with respect to damages on or before June 24, 2009.

(Doc. # 72.)

Interrogatory No. 12 stated, "Please provide a detailed calculation of the damages you claim to have suffered as a result of Nautilus' alleged breach of the Oral Agreement." Precision's initial answer stated: "Plaintiff's business was completely destroyed due to Nautilus' conduct." Precision's amended answer to Interrogatory No. 12 was as follows:

> Prior to entering into an exclusive dealer relationship with Nautilus in early 2003, Precision was a successful business with sales in the $8,000,000 - $9,000,000 range with income of 383,112 in 2001 and $627,754 in 2002. After entering into the exclusive dealer agreement with Nautilus in March and May, 2003, Precision's business declined drastically. Based upon the customers and client base that Precision had established prior to the Nautilus relationship, it was able to generate approximately $2,500,000 due to Nautilus' inferior and defective products. Precision's income in 2006 was $28,444 compared to $627,754 in 2002 (the year before it entered into the exclusive dealer agreement with Nautilus). Due to Nautilus' conduct throughout the Precision/Nautilus relationship, Precision's business was completely destroyed. Please see Precision's tax return documents for 2001-2006 as further support for Precision's answer to this interrogatory.

(Doc. # 42-2; Doc. # 97-2 at 5.)

Defendant Nautilus argues that Precision's amended answer does not provide a "detailed calculation of damages" as required by the Court's June 4, 2009 Order. Defendant argues that Precision's claims should be dismissed for failure to comply with the June 4, 2009 Order, and that this Court should award Nautilus Attorney's costs and fees. Defendant believes that since Plaintiff has had over 11 months to calculate its damages, no damages exist. (Doc. # 97.)

Plaintiff Precision argues that its amended answer fully complies with the June 4, 2009 Order. In addition, Plaintiff argues that any assertion of dilatory tactics is unfounded given the prior status of Plaintiff's President and Counsel. Further, Plaintiff argues that Defendant should be sanctioned for violating Federal Rule of Evidence 408 by disclosing statements made during alleged compromise negotiations. (Doc. # 105.)

## II.  ANALYSIS

Defendant's Motion to Dismiss contains two arguments. The first is that Plaintiff's claims should be dismissed as a result of its alleged failure to comply with a court order. The second asks the Court to award Defendant Attorney's Costs and Fees. Plaintiff's Response to Defendant's Motion to Dismiss asks the Court to sanction Defendant for violation of Federal Rule of Evidence 408 for citing alleged confidential settlement discussions in its Motion to Dismiss. This Court will address these arguments in that order.

A. **DISMISSAL FOR ALLEGED FAILURE TO COMPLY WITH COURT ORDER**

Under Fed. R. Civ. P. 37(b)(2)(A)(v), the Court may dismiss an action in whole or in part where a party "fails to obey an order to provide or permit discovery." "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Id.* In *Ehrenhaus*, the United States Court of Appeals for the Tenth Circuit stated that district courts should consider the following factors before dismissing a case pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v): (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 221. However, the Court does not agree with Defendant that Plaintiff has failed to obey the June 4, 2009 Order to provide a detailed calculation of damages. Therefore, it is unnecessary for the Court to spend its time analyzing the *Ehrenhaus* factors. *See Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at 2 (D. Colo. Mar. 6, 2008) (unpublished decision).

Defendant has not provided the Court with any case law defining what a "detailed calculation of damages" would be. Nonetheless, this Court finds that the information provided by the Plaintiff is adequate both to allow the trier of fact a reasonable basis to

compute Plaintiff's damages, if any, and to allow the defendant to determine the type of damages sought by Plaintiff and to controvert Plaintiff's allegations of damages.

**B.    ATTORNEY'S COSTS AND FEES**

With respect to Defendant's request for attorneys fees and costs, Fed. R. Civ. P. 37(b)(2)(C) provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

In this case, the Court has found that Plaintiff has not disobeyed the Court's order; thus, an award of attorney's costs and fees to Defendant is not appropriate.

**C.    VIOLATION OF FEDERAL RULE OF EVIDENCE 408**

Finally, in its response to Defendant's Motion, Plaintiff asks the Court to sanction Defendant for violation of Federal Rule of Evidence 408 for citing alleged confidential settlement discussions in its Motion to Dismiss. "In January, 2009, PFE's [Plaintiff] counsel informed Nautilus that it would dismiss its claims against Nautilus and default on Nautilus' counterclaims, reversing its stated course only after Nautilus amended its pleadings to add PFE's successor entities and Richard Wasserlauf individually." Doc. # 97 at 2.)

Plaintiff contends that this disclosure is a violation of Federal Rule of Evidence 408, which provides in pertinent part:

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was

disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction: (1) furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Rule 408 states that it only applies to "evidence of conduct or statements made in compromise negotiations." *Id.* The question under the rule is "whether the statements or conduct were intended to be part of the negotiations toward the compromise." *Rocky Mountain Chocolate Factory, Inc. v. SDMS, Inc.*, 2006 U.S. Dist. LEXIS 90103, *2 (D. Colo. Dec. 8, 2006) (quoting *Ramada Devel. Co. v. Rauch*, 644 F.2d 1097, 1107 (5th Cir. 1981) (quoting 2 J. Weinstein & M. Berger, *Weinstein's Evidence P 408 (03)*).

In its Motion for Relief from Order (Doc. # 57, ¶ 11), Plaintiff previously disclosed this very same information to this Court and notably characterized the discussion not as a settlement discussion but as a conference on its anticipated Motion for Voluntary Dismissal. Further, even if the Court were to find that the statements were made in compromise negotiations, Rule 408 is a rule of evidence and its purpose is to avoid having this type of evidence heard by the trier of fact, *i.e.*, the jury. Disclosure of this information to the Court has not prejudiced the Plaintiff and sanctions are not appropriate.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and Award Costs and Attorney Fees Pursuant to Fed. R. Civ. P. 37 (Doc. # 97) is DENIED, and Plaintiff's request for sanctions (inappropriately made in its Response (Doc. # 105), instead of by separate motion as required by D.C.COLO.LCivR 7.1.C), is also DENIED.

Furthermore, the Court cautions counsel for both Plaintiff and Defendant to concentrate their efforts on the merits of the substantive issues of this case and to stop wasting their respective client's money and this Court's time with such frivolous motions and requests.

DATED: November  4 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge