IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01228-CMA-KLM

PRECISION FITNESS EQUIPMENT of POMPANO BEACH, INC.,

    Plaintiff,

v.

NAUTILUS, INC.,

    Defendant,

v.

COMMERCIAL FITNESS PRODUCTS, INC., et al.,

    Third-Party Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Exclude Expert Testimony of Steve A. Mize** [Docket No. 185; Filed October 7, 2010] (the "Motion"). Plaintiff filed a Response in Opposition to Defendant's Motion to Exclude Expert Testimony of Steve A. Mize [Docket No. 202; Filed November 1, 2010] (the "Response"), and Defendant filed a Reply in Support of Defendant's Motion to Exclude Expert Testimony of Steve A. Mize [Docket No. 217; Filed November 18, 2010] (the "Reply").  The Court has reviewed the Motion, Response, Reply, the case file and relevant law, and is sufficiently advised in the premises.  As discussed below, the Motion is **GRANTED**.

### I. Background

Plaintiff contends that Defendant breached certain written and oral agreements entered into by the parties in 2003 and 2006. Plaintiff asserts that "as a direct and proximate result of [Defendant's] breaches of the [agreements] . . . [Plaintiff's] business was destroyed." *Final Pretrial Order* [Docket No. 171] at 3-4.

Plaintiff's theory of damages is explained as follows in the Amended Scheduling Order [Docket No. 125] filed on November 2, 2009:

> Essentially, Plaintiff was put out of business due to Defendant's conduct. . . . [Plaintiff] went from a very successful business with yearly profits in the $630,000 range, prior to the relationship [with Defendant], to profits of approximately $30,000 in the last year of its relationship with [Defendant]. Accordingly, based upon a lost profits analysis, [Plaintiff] was damaged upwards from $600,000 and had the potential of becoming a multi-million dollar company. Had it not been for the breaches, [Plaintiff] would have continued to be a successful company which increased its profits from 2001 to 2002 by 61% (prior to entering into its relationship with [Defendant]). Accordingly, if it would have continued to increase its profits (even at a much lesser percentage), it would have been making approximately $1,500,000 - $2,000,000 in profits in 2006. Essentially, [Defendant] destroyed a $1,500,000 - $2,000,000 business.

*Amended Scheduling Order* [#125] at 11.

Plaintiff tendered the expert report of Steve A. Mize in apparent support of its damages theory. *Motion* [#185] at Exhibit A. The report is entitled "Business Valuation Developed for: Precision Fitness Equipment, Inc. and International Fitness Equipment, Inc. (combined)." *Id.* at Exhibit B. The report estimates "the fair market value of a 100% common stock interest in the combined companies of Precision Fitness Equipment, Inc. ["PFE"] and International Fitness Equipment, Inc. ["IFE"] for transactional purposes as of December 31, 2000." *Id.* The combined valuation contained in the report is five million eight-hundred thousand dollars ($5,800,000). *Id.* at 3. The report does not separately

value PFE and IFE.  It is undisputed that IFE is not a party to this litigation.

Defendant asserts that Mr. Mize's opinion is irrelevant and should be excluded. Defendant argues as follows: "[T]he value of [PFE] **alone** in **2003** before entering into a contractual relationship with [Defendant] may be relevant and assist the jury.  The value of [PFE] and [IFE] **combined** in **2000**, however, is not relevant and would not assist the jury in determining any fact in issue."  *Id.* at 5 (emphasis original).  In the alternative, Defendant asserts that even if Mr. Mize's opinion is relevant, "its minimal probative value is substantially outweighed by its potential to mislead the jury."  *Id.* at 6.  Defendant also points out that Plaintiff failed to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2) in tendering Mr. Mize's report, in that the report fails to contain a list of all publications Mr. Mize authored in the previous ten years, a list of his previous expert testimony, and an explanation of his compensation in preparing the report.  Defendant notes that despite being served with a subpoena duces tecum, Mr. Mize has been unable to produce any documentation which he reviewed and/or relied upon in preparing his report, largely due to the length of time which has passed since the report was prepared. *Id.* at Exhibit D.  Finally, Defendant asserts that Plaintiff should not be permitted to solicit testimony from Mr. Mize about PFE's value in 2003, as Plaintiff has failed to disclose Mr. Mize's opinion in that regard.  *Id.* at 10-11.

In response to these arguments, Plaintiff appears to assert that Defendant waived the right to contest the admissibility of Mr. Mize's expert opinion by "sit[ting] idle for nine (9) months without raising any objection whatsoever to the expert report."  *Response* [#202] at 2.   Plaintiff further asserts that any "deficiencies" in Mr. Mize's report and/or testimony

"should be addressed through cross-examination" and not by excluding his testimony, and that its failure to comply with Fed. Rule Civ. P. 26(a)(2) is harmless. *Id.* at 2, 7-12. Plaintiff argues that Mr. Mize's opinion about the value of "the company" in 2000 is relevant and can be supplemented by "testimony from [PFE]'s owner(s) and/or accountant as to the value of the company in 2003," and hence the jury will not be misled. *Id.* at 3, 7. "A simple explanation of how [Mr.] Mize's expert report related to the value of [PFE] in 2003 by [PFE]'s owner(s) and/or accountant will demonstrate the significance of the expert report[.]" *Id.* at 4. Plaintiff asserts that the value of the combined companies is relevant, because "IFE was the Caribbean-arm of [PFE] and . . . there was not a separate agreement with IFE. [Defendant] knew that IFE was the Caribbean-arm of [PFE] and accordingly, the value of both IFE and [PFE] is relevant in the instant action." *Id.* Even if the value of IFE is not relevant, Plaintiff asserts that it is "easily separable for [sic] the expert report." *Id.* at 5 n.3. Finally, Plaintiff asserts that because Mr. Mize's report is "self-contained . . . consisting of sixty-six pages," the reliability of his opinions can be challenged through cross-examination, and his inability to produce supporting documentation is not a fatal defect. *Id.* at 13-15.

## II. Analysis

As expressed in the Amended Scheduling Order, Plaintiff's theory of damages relates to the loss of potential future profits to be generated by PFE. #125 at 11. However, in asserting that Defendant's alleged breach of contracts "destroyed the company," Plaintiff is essentially asserting that Defendant should be held responsible for the diminution in value to the company as a result of its alleged actions. The Court of Appeals for the Tenth Circuit has held that "a court calculates diminution in value damages by comparing the fair market value of a company before a breach with the fair market value of the company after

the breach." *Eateries, Inc. v. J. R. Simplot Co.,* 346 F.3d 1225, 1236 (10th Cir. 2003). To the extent that Mr. Mize's opinion purports to express the fair market value of PFE at one point in time before the breach, it is arguably relevant to this damages analysis. The issue to be determined here is whether Mr. Mize's opinion is rendered irrelevant, or more prejudicial than probative, due to its date and the inclusion of a non-party entity in its conclusion.

As a preliminary matter, I reject Plaintiff's contention that Defendant waived its right to object to Mr. Mize's testimony by "sit[ting] idle for nine months without raising any objection whatsoever." *Response* [#202] at 2. Plaintiff cites no legal authority for the proposition that a party must make an objection to admissibility of expert testimony within some unspecified time frame after disclosure of such testimony, and I find none which pertains to this case. *But see generally Questar Pipeline Co. v. Grynberg*, 201 F.3d 1277, 1289-90 (10th Cir. 2000) ("A party may waive the right to object to evidence on *Kumho/Daubert* grounds by failing to make its objection in a timely manner."). In general, objections to such testimony may be made within any deadline set by the district court or at trial. *See, e.g.*, *Lord v. Erfling*, No. 06-cv-01677-MSK-BNB, 2007 WL 4557839 (D. Colo. Dec. 21, 2007) (unreported decision) (denying a motion for leave to file a motion objecting to the admissibility of expert testimony under Fed. R. Evid. 702 because the deadline set by the court for filing such motions had expired). In the case at bar, no deadline was set for such objections.[1] Accordingly, Plaintiff's argument lacks merit.

---

[1] The Court notes, however, that Judge Arguello's practice standards require that motions under Fed. R. Evid. 702 should be filed "as early as is practicable." *Civil Practice Standards* at 6, ¶H(2). Trial in this matter is scheduled to begin on May 9, 2011. *Minute Order* [Docket No. 207]

Defendant objects to the relevance of Mr. Mize's testimony on two grounds: because it is stale and it relates to an entity which is not a party to the litigation. Each objection is examined below.

Although Defendant argues that Mr. Mize's opinion of the value of PFE and IFE cannot be relevant because it pre-dates the alleged contractual breaches by three and six years, Defendant offers no evidence to support its conclusion that the opinion is stale. If the value of the companies changed materially between the date of Mr. Mize's report and the dates of the alleged breaches, his opinion would arguably be of limited use to the jury in assessing damages, or could be more prejudicial than probative. However, Defendant has offered no evidence of the companies' change in value before the initial alleged breach. Thus, Defendant asks the Court to simply assume that their value changed, and to find accordingly that Mr. Mize's opinion is stale. On the other hand, Plaintiff has offered the testimony of "one of the owners of [PFE]" that PFE and IFE were valued at five million dollars in 2002, approximately one year before the first alleged breach. *Response* [#202] at Exhibit A. This evidence tends to suggest that Mr. Mize's valuation is not stale. Hence, Defendant's objection to the timeliness of the valuation is overruled.

Defendant also asserts that Mr. Mize's opinion is not relevant, or is more prejudicial than probative, because it includes the value of an entity that is not a party to this litigation and therefore has no damage claims pending. Plaintiff asserts that two facts — Defendant's alleged "knowledge" of the connection between PFE and IFE and the absence of separate agreements between IFE and Defendant – make IFE's value relevant to the question of PFE's diminution in value. *Id.* at 5 n.3. Plaintiff's argument is unpersuasive.

It is axiomatic that only the entity which brings claims for damages may recover such

damages. *See generally Gentex Corp. v. United States*, 61 Fed. Cl. 49, 53-54 (The court cannot allow "a plaintiff to raise another entity's legal rights and recover the damages of nonparties in disregard of traditional threshold requirements of standing." (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff does not contend that IFE and PFE are in fact one integrated entity, or that IFE could not have brought suit in its own name to recover its alleged damages, or that IFE has actually asserted claims for damages in this case. Instead, Plaintiff asserts that PFE's claims for damages include invisible claims of IFE as well, and that Defendant should know this from the parties' course of dealing. This assertion is unavailing. PFE is the only named plaintiff here, and only PFE has asserted that Defendant's alleged illegal conduct caused it to suffer damages. *See Second Amended Complaint* [Docket No. 137]; *Scheduling Order* [Docket No. 125] at 4. Accordingly, only PFE is entitled to recover damages upon proof of its claims. IFE's alleged damages are not relevant to any claims asserted in this case.

Plaintiff asserts that Mr. Mize's opinion nevertheless may be properly offered into evidence because his valuation of PFE can be separated from his valuation of IFE. *Response* [#202] at 5-6. Plaintiff argues that the two companies' respective incomes from sales between 1997 and 2000 are segregable. *Id.* Plaintiff states that PFE's sales were 81.93% of the total sales of both companies over the four-year period. *Id.* Plaintiff therefore deduces that PFE's value as of the date of Mr. Mize's report was 81.93% of the combined value of PFE and IFE stated in the report. *Id.* at 6.

Plaintiff's attempt to tailor the valuation opinion to fit the claims in this case suffers from two significant problems. First, Mr. Mize's report includes only those figures showing "total combined sales," not PFE's individual sales figures. *Motion* [#185] at Exhibit B. Mr.

7

Mize was apparently not asked to consider PFE's individual sales and did not do so. In order for him to render an opinion about PFE's value based on income from its sales alone, he would have to consider information not provided in the report and adjust his conclusions. In other words, he would have to change his opinion. Such maneuvering is manifestly inappropriate, as it is unduly prejudicial to Defendant. *See Buben v. City of Lone Tree*, No. 08-cv-00127-WYD-MEH, 2010 WL 4810632, at *2 (D. Colo. Nov. 19, 2010) (unreported decision) ("Under [Fed. R. Civ. P.] 26(e)(2), a party is under the ongoing duty to supplement a [Fed. R. Civ. P.] 26(a)(2) expert report with '[a]ny additions or changes . . . by the time the party's pretrial disclosures under [Fed. R. Civ. P.] 26(a)(3) are due.'"); *id.* (stating that attempts to "bolster" initial expert reports are impermissible).

Second, and more importantly, Mr. Mize's opinion of the combined value of PFE and IFE is based on other factors besides income from sales, including growth rate, profit margins, consumer demand, interest rates, repositioning of new stores and "total quality management." *Motion* [#185] at Exhibit B. His valuation uses four separate methodologies to arrive at a conclusion, and each methodology relies only partially on income from sales. *Id.* at 20-29. Thus, the fact that PFE was allegedly responsible for 81.93% of the companies' combined total sales does not establish that PFE should be valued at 81.93% of the companies' combined total value. Mr. Mize's opinion cannot be so easily adjusted to provide a reliable valuation of PFE alone.

Simply stated, Plaintiff's proposed solution to the problem of Mr. Mize's inclusion of IFE in his valuation opinion will not result in reliable or straightforward testimony about the relevant value of PFE alone. Admission of Mr. Mize's report or testimony as evidence of PFE's value is ill-advised, because it is likely to lead to jury confusion. Under these

circumstances, Mr. Mize's opinion should be excluded. The Court finds that the likelihood that confusion would result from its admission outweighs its probative value. Fed. R. Evid. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues[.]"); *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 596 (D. Colo. 2009) ("A trial court has discretion to strike an expert under Rule 702 based solely upon the expert's written report." (citations omitted)).

In sum, Mr. Mize's opinion does not meet the requirements of Fed. R. Evid. 402 and 403. It does not present a straightforward assessment of the fair market value of Plaintiff, PFE, before the alleged breaches, and it cannot be reasonably used in support of such an assessment. Because Mr. Mize's opinion does not address the alleged diminution in value of Plaintiff, it is not relevant, and it cannot be used to prove Plaintiff's damages. *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141 (1999); *Eateries, Inc.,* 346 F.3d at 1236 (diminution of fair market value damages are the appropriate damages when there is a breach of contract and breach of warranty that results in lost business). Moreover, under the circumstances present here, Mr. Mize's report and testimony are likely to be misleading or confusing, and they therefore must be excluded. Based on my findings that Mr. Mize's opinion is not relevant and does not meet the requirements of Rules 402 and 403, I need not address the other grounds for exclusion of his opinion offered by Defendant. Accordingly,

IT IS HEREBY ORDERED that the Motion is **GRANTED.** The expert report and testimony of Steve A. Mize are excluded.

Dated at Denver, Colorado, this __20th__ day of December, 2010.

BY THE COURT:

_s/ Kristen L. Mix_
Kristen L. Mix
United States Magistrate Judge